IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| V. | ) | Criminal Action No. 13-00166-KD |
| | ) | |
| MELVIN CAPERS, | ) | Criminal Action No. 13-00247-KD |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on defendant Melvin Capers' motion to modify sentence (Criminal Action No. 13-166-KD, doc. 58; Criminal Action No. 13-00247-KD, doc. 45). Upon consideration and for the reasons set forth herein, the motion is DENIED.

Capers' supervised release term was revoked. On October 18, 2021, he was sentenced to serve twelve months and one day, concurrent, as to each criminal action. The Court made no recommendation to the Bureau of Prisons regarding his placement.

Capers now moves the Court to modify his prison term and allow him to serve the last six months in a halfway house. Capers argues that he should be released to a halfway house so that he may work and help support his children who are currently in the care of their grandmother.

Once a prison term is imposed, the Court has limited authority to modify. United States v. Denson, 963 F.3d 1080, 1086 (11th Cir. 2020). "Congress has provided a 'narrow exception to the rule of finality' and authorized a district court to modify a prison term only under the three circumstances set forth in 18 U.S.C. § 3582(c)." Id. (citation omitted). Specifically, the statute provides that a district court may not modify a term of imprisonment, unless: (1) the Bureau of Prisons or the prisoner files a motion and certain other conditions are met; (2) the modification is expressly permitted by statute or Fed. R. Crim. P. 35; or (3) the defendant was sentenced on basis of a guideline range that subsequently was lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). However, none of the three circumstances are alleged in Capers' motion.

The Court may also correct a judgment in a criminal action for "clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  However, the relief Capers seeks is not based upon an allegation of error.

Additionally, the Court does not have authority to order or direct the Bureau of Prisons to place Capers in a halfway house.  Instead, the Bureau of Prisons has statutory authority regarding placement of incarcerated persons. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); 18 U.S.C. 3624(c) (the Director of the Bureau of Prisons shall determine prerelease custody).

**DONE** and **ORDERED** this the 10th day of January 2022.

                                                    **s / Kristi K. DuBose**
                                                    **KRISTI K. DuBOSE**
                                                    **UNITED STATES DISTRICT JUDGE**